

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jeffrey D. Rotenberg
jeffrey.rotenberg@dlapiper.com
T   212.335.4556
F   917.778.8556

October 23, 2017

<u>VIA ECF</u>

Honorable Judge Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *Next Caller Inc. v. Gianni Martire*, Civil Action No. 17-CV-7298

Dear Judge Cote:

    We represent Defendant Gianni Martire in the above-referenced matter.  We write on behalf of the parties in connection with the Temporary Restraining Order ("TRO") issued by the Court on September 25, 2017, and the hearing relating to the TRO scheduled for October 27, 2017, at 9:30AM.

    Defendant has agreed to the conversion of the TRO into a preliminary injunction until judgment in this action.  Accordingly, the parties request an adjournment of the hearing scheduled for October 27.  The parties further agree that should this action be dismissed for lack of jurisdiction as to Plaintiff's claims, the preliminary injunction shall remain in force for the longer of 60 days or until such time that Plaintiff files its claims in another forum and said claims are litigated to judgment in that forum.

    The TRO, which is attached to this letter as Exhibit A, provides, in pertinent part, as follows:

> 23.   Defendant and any person acting in active concert or participation with him and who has notice of this Order is further enjoined from:
> a.   Accessing, using, transferring, selling, exercising control over, or linking to any of the Next Caller Domains;
> b.   Interfering in any way in Next Caller's use of the Next Caller Domains;
> c.   Directly or indirectly taking any action or giving any direction concerning the Next Caller Domains to the registrars of the Next Caller Domains, including GoDaddy.com, the registries for the Next Caller Domains, the hosting companies for the Next Caller Domains, or any other company with access or control to the Next Caller Domains;



Honorable Judge Denise L. Cote
October 23, 2017
Page Two

        d.     Registering any domain names that contain the words "next" and "caller," alone or in combination with any other words, terms, or letters, or any other confusingly similar domain names;

        e.     Using the NEXT CALLER marks or any colorable imitation thereof in connection with the offering, selling, advertising, or promoting the sale of any goods or services or from otherwise using the NEXT CALLER marks or any marks confusingly similar thereto;

        f.     Disclosing, releasing, publicizing, or distributing any confidential or proprietary information of Next Caller, including without limitation the login credentials for the Next Caller Domains; and

        g.     Conducting any business on behalf of Next Caller.

        The parties agree the TRO shall be converted into a preliminary injunction.. The Parties confirm that the preliminary injunction will also incorporate the "Domain Transfer Order," contained in the TRO, (*See* ¶¶20-21). Defendant's agreement to convert the TRO into a preliminary injunction is without waiver of any rights, privileges, claims and defenses including as to the Court's jurisdiction over Plaintiff's claims in this action. Plaintiff also does not waive any rights, privileges, claims and defenses by this letter.

        Respectfully submitted,

        **DLA Piper LLP (US)**

        /s/ Jeffrey D. Rotenberg
        Jeffrey D. Rotenberg

JDR
Attachment

*cc:*
        Monica S. Asher     MAsher@mwe.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEXT CALLER INC.,

                Plaintiff,

      v.                                                                 Civil Action No. 17 CV 7298

GIANNI MARTIRE,

                Defendant.

## [PROPOSED] (1) TEMPORARY RESTRAINING ORDER; (2) DOMAIN NAME TRANSFER ORDER; AND (3) ORDER SEALING FILE

Upon the declarations of Ian Roncoroni, Tim Prugar, and Monica Asher, and upon the copy of the Verified Complaint filed in this action and the exhibits thereto, the Court, having reviewed the *ex parte* application and Motion for (1) Temporary Restraining Order, (2) Domain Name Transfer Order, and (3) Order to Seal file, the accompanying Memorandum of Law in support, all submitted by Plaintiff Next Caller Inc. ("Next Caller," "Plaintiff," or "Company"), ~~makes the following findings of fact and conclusions of law:~~ *The Court finds that the Plaintiff has made the following representations:*

1. Plaintiff is a Delaware corporation with its principal place of business at 46 Lipsenard Street, New York, NY 10013. Plaintiff is a cyber security services company that sells fraud-prevention and telephone authentication services under the mark NEXT CALLER. Plaintiff owns a federal trademark registration for NEXT CALLER (U.S. Reg. No. 4510246) for these goods and services.

2. Defendant Gianni Martire ("Defendant") resides at 238 East 14th Street, Apt. 2A, New York, NY 10003. Defendant Gianni Martire co-founded Next Caller with Ian Roncoroni, the current Chief Executive Officer. Defendant served in high-level positions, including

1

President and Chief Executive Officer, and later Chairman of Next Caller's board of directors, Chief Product Officer, and Secretary.

3. Defendant had far-reaching access to the Company's confidential and proprietary information, including its intellectual property. Defendant registered and maintained on behalf of the Company certain aspects of Plaintiff's intellectual property, including Plaintiff's domain names.

4. On or about September 16, 2012, Defendant registered the domain name **nextcaller.com** on behalf of Next Caller. GoDaddy was and is the current registrar of nextcaller.com. Beginning at least as early as June 13, 2013, Next Caller has continuously advertised and promoted its services at the domain **nextcaller.com**.

5. In addition to **nextcaller.com**, Defendant also registered the following nextcaller-formative domains on behalf of Next Caller: **nextcaller.co, nextcaller.org, nextcaller.net, nextcaller.us, nextcaller.info, nextcaller.de, nextcaller.in, nextcaller.it, nextcaller.jp**, and **nextcaller.co.uk**. GoDaddy.com was and is the registrar of these domains. These domains have redirected and currently redirect to Plaintiff's **nextcaller.com** domain.

6. In October 2012, shortly after registering the domain **nextcaller.com**, Defendant filed a trademark application for NEXT CALLER on Plaintiff's behalf. As part of that application, Defendant declared under the penalty of perjury that Plaintiff "was the owner of the [NEXT CALLER] trademark" and that Plaintiff "was entitled to use the mark in commerce." He also declared under the penalty of perjury that the domain **nextcaller.com** was owned by the Company.

7. Defendant entered into a Confidential Information and Invention Assignment Agreement with Plaintiff on December 14, 2013 ("Assignment Agreement"). Under Paragraph

4(d) of the Assignment Agreement, Defendant agreed to "hold in trust for the sole right and benefit of the Company, and hereby assign to the Company . . . all [his] right, title, and interest throughout the world in and to any and all Company Inventions and all patent, copyright, trademark, trade secret, and other intellectual property rights therein."

8. Also on December 14, 2013, Defendant executed a Restricted Stock Purchase Agreement with Next Caller. Under the terms of the Restricted Stock Purchase Agreement, Defendant agreed to "sell[], transfer[], assign[], and convey[], to [Next Caller] . . . [Defendant's] entire right, title and interest in . . . all Intellectual Property Rights." The Restricted Stock Purchase Agreement defines "Intellectual Property Rights" to mean and include "domain names and registrations and/or applications."

9. Next Caller is the rightful owner of all right, title, and interest in the domains **nextcaller.com, nextcaller.co.uk, nextcaller.org, nextcaller.us, nextcaller.co, nextcaller.info, nextcaller.net, nextcaller.de, nextcaller.it, nextcaller.jp, and nextcaller.in** (hereinafter, the "Next Caller Domains").

10. On August 15, 2017, Defendant entered into a Separation Agreement with Next Caller, ending his employment with the Company. By entering into the Separation Agreement, Defendant also agreed that he would "promptly (but in no event more than 5 days from [August 15, 2017]) return to the Company all property of the Company . . . created on any medium, prepared by Martire in the course of or incident to his employment with the Company." Defendant also agreed that he would "cooperate with the Company in . . . the orderly transfer of his responsibilities to other person(s), including, but not limited to, the transfer of his status as system administrator (and the attendant responsibilities and privileges)."

11. Defendant's obligations under the Assignment Agreement survived after the termination of Defendant's employment with Next Caller. Thus, Defendant was required to, "at the time of termination of [his employment], . . . deliver to the Company (and will not keep in my possession, recreate, or deliver to anyone else) any and all . . . property developed by me pursuant to [his employment] or otherwise belonging to the Company, its successors or assigns." (Ex. 6 ¶ 5). Defendant also agreed to execute "all applications, specifications, oaths, assignments, recordations, and all other instruments which the Company . . . shall deem necessary in order to apply for, obtain, maintain, and transfer such [intellectual property] rights." Defendant agreed that this obligation continued after the end of his employment. (*Id.* at ¶ 4(f)).

12. In breach of federal law and in violation of the Assignment Agreement and Separation Agreement, Defendant refuses to relinquish the Next Caller Domains to Next Caller.

13. Defendant is using the Next Caller Domains to extort Next Caller into giving him stock in Next Caller and to force Next Caller's Chief Executive Officer, Mr. Roncoroni, to resign.

14. Plaintiff ~~is likely to~~ [having shown that it will suffer irreparable harm and that this temporary restraining order and that it may] succeed on the merits of its claims against Defendant for cyberpiracy under the Lanham Act (15 U.S.C. § 1125(d)) and breach of contract.

15. A substantial, immediate, and irreparable injury will occur if immediate relief is not ordered. By refusing to cede control over the Next Caller Domains, Defendant can divert business and Internet traffic away from Plaintiff or shut down Plaintiff's web site entirely. By controlling **nextcaller.com**, Defendant also has control of Plaintiff's email, website branding, access to Next Caller's code repositories and intellectual property, and to the interface with which Next Caller interacts with its clients. ~~Defendant's refusal to transfer nextcaller.com and~~

4

~~the other next caller domains to Plaintiff~~ is causing substantial, immediate, and irreparable harm ~~to Plaintiff, Plaintiff's business, and Plaintiff's reputation.~~

16.  The harm to Plaintiff of denying its application for relief outweighs the harm and legitimate interests of Defendant. ~~Defendant has no legitimate interest in the Next Caller Domains and he will not be injured if the domains are~~ transferred to Plaintiff ~~pending the outcome of this case. On the other hand, Plaintiff's inability to control the Next Caller Domains causes substantial, immediate, and irreparable harm to Plaintiff, its business, and loss of revenue and competitive advantage.~~

17.  Transfer of the Next Caller Domains to Plaintiff is necessary to prevent the risk of substantial, immediate, ongoing irreparable harm to Plaintiff.

18.  The grant of a temporary restraining order and Plaintiff's requested relief is in the public interest. ~~Given Defendant's efforts to use the domain names to extort stock from Plaintiff,~~ If Defendant is given notice of this application and motion, he ~~is likely to~~ may disable Plaintiff's website or redirect traffic from the site and will have continuing access to Next Caller's proprietary information. ~~Defendant is also~~ likely to destroy or disburse evidence if given prior notice ~~of this motion and application.~~

19.  Plaintiff has met the requirements of Rule 65 of the Federal Rules of Civil Procedure to obtain a temporary restraining order.

[handwritten insertion: "Freeze administrator access to the Next Caller Domains, or if that is not immediately feasible, ~~or login~~"]

THEREFORE, Plaintiff's *ex parte* Application and Motion for a Temporary Restraining Order, Transfer Order, and Order Sealing File is **GRANTED** and it is **HEREBY ORDERED** that:

### A. DOMAIN TRANSFER ORDER

20. Upon receipt of this Order, GoDaddy.com, headquartered at 14455 N. Hayden Road, Scottsdale, Arizona, the domain registrar for the Next Caller Domains (**nextcaller.com, nextcaller.co.uk, nextcaller.org, nextcaller.us, nextcaller.co, nextcaller.info, nextcaller.net, nextcaller.de, nextcaller.it, nextcaller.jp, and nextcaller.in**) shall immediately, **without providing notice to the Defendant**, transfer control of these domains to Plaintiff by depositing the domains in Plaintiff's domain account: Username: admin@nextcaller.com; Account Number: 166914106 and by contacting Matthew Williams, Senior Vice President of Engineering for Next Caller, matthew@nextcaller.com, (276) 274-6530. ~~GoDaddy.com shall immediately take all reasonable steps to ensure that the Next Caller Domains are transferred from Defendant's control to Plaintiff's control and do so without prior notice to Defendant.~~ [handwritten: "freeze"]

21. Those in privity with Defendant and those with notice of this Order, including any Internet Service Provider, Internet search engines, web hosts, domain name registrars, registrants, and registries, shall immediately cease facilitating Defendant's access to the Next Caller Domains and all associated accounts (for example, email operating on a Next Caller Domain, networks operating on a Next Caller Domain, etc.).

### B. SEALING ORDER

22. Upon good cause shown and in order to prevent Defendant from transferring the Next Caller Domains out of his control, shutting down the Next Caller Domains, or causing any other injury or harm to Plaintiff through the use of those domains prior to Plaintiff gaining

6

control of the Next Caller Domains, the file in this case shall be ~~freeze or~~ sealed until the above-transfer is executed. After the transfer is executed, Plaintiff will ~~immediately~~ provide ~~redacted~~ copies of its September 25, 2017, ~~filings excising confidential or proprietary information.~~ filings to the defendant.

### C. TEMPORARY RESTRAINING ORDER

23. Defendant and any person acting in active concert or participation with him and who has notice of this Order is further enjoined from:

   a. Accessing, using, transferring, selling, exercising control over, or linking to any of the Next Caller Domains;

   b. Interfering in any way in Next Caller's use of the Next Caller Domains;

   c. Directly or indirectly taking any action or giving any direction concerning the Next Caller Domains to the registrars of the Next Caller Domains, including GoDaddy.com, the registries for the Next Caller Domains, the hosting companies for the Next Caller Domains, or any other company with access or control to the Next Caller Domains;

   d. Registering any domain names that contain the words "next" and "caller," alone or in combination with any other words, terms, or letters, or any other confusingly similar domain names;

   e. Using the NEXT CALLER marks or any colorable imitation thereof in connection with the offering, selling, advertising, or promoting the sale of any goods or services or from otherwise using the NEXT CALLER marks or any marks confusingly similar thereto;

   f. Disclosing, releasing, publicizing, or distributing any confidential or proprietary information of Next Caller, including without limitation the login credentials for the Next Caller Domains; and

7

    g. Conducting any business on behalf of Next Caller.

24. ~~Within three days of receipt of this Order, Defendant shall notify the Court in writing and under oath how Defendant has expressly complied with this provision of the Order and serve a copy of that document on Plaintiff.~~

25. ~~Defendant is further ordered to show cause by _____ why this Order should not be continued in effect as a preliminary injunction. Failure to appear, in person or telephonically, will result in the entry of a preliminary injunction on these terms to remain in effect until trial.~~

Dated: _____

                                                                   United States District Judge

*[Handwritten:]* No bond is necessary. A conference shall be held on Friday, September 29, 2017 at noon in Courtroom 15 B, 500 Pearl Street, NY, NY. 10025.

*[Signed:]* Denise Cote
USDJ