UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
 NEXT CALLER INC.,                        :     17cv7298(DLC)
                        Plaintiff,        :
            -v-                           :     OPINION AND ORDER
                                          :
 GIANNI MARTIRE,                          :
                        Defendant.        :
                                          :
-----------------------------------------X

APPEARANCES

For plaintiff Next Caller Inc.:
Monica S. Asher
Michael R. Huttenlocher
McDermott, Will & Emery, LLP
340 Madison Ave.
New York, NY 10173

For defendant Gianni Martire:
Christopher A. Zampogna
Zampogna PC
1776 K St. Nw. Suite 700
Washington, DC 20006

DENISE COTE, District Judge:

On January 28, 2019, defendant Gianni Martire filed a motion for an indicative ruling that this Court "will, upon remand from the Court of Appeals for the Second Circuit," grant the defendant's previously-denied motion to seal "the entire case docket and all other documents in this case." The motion is denied. The Court will not grant the defendant's application to seal without an order from the Court of Appeals to do so.

Pursuant to an Order of the Part I Judge, this case was filed under seal on September 25, 2017.  With the filing of the complaint the plaintiff sought a temporary restraining order ("TRO"), a domain name transfer order, and a temporary sealing of the case and the complaint.  The Order granted the applications and explained that the sealing of the case was "warranted until the transfer of the Next Caller Domains" to plaintiff "is effectuated."  It also found that two exhibits to a declaration submitted with the complaint contained sensitive business information, and that public disclosure of those documents would injure the plaintiff.  It directed the plaintiff to submit a redacted copy of the complaint, among other things, upon notification that the transfer of the Next Caller Domains "has been completed."

The case was assigned to this Court.  An Order dated October 3, 2017 unsealed the case, stated that previously sealed documents would remain sealed "at this time," and directed the plaintiff to follow this Court's procedures to request redaction by October 5 of documents now filed under seal.

Between October 4 and October 23, 2017, plaintiff submitted redacted versions of the complaint, two declarations, and the

TRO Memorandum of Law.[1]  Plaintiff also requested that two exhibits to the complaint be filed under seal.  An endorsement of October 6 denied the request to redact the complaint but granted the request to file the two exhibits under seal.  It directed plaintiff by October 17 to provide highlighted copies of the remaining documents to Chambers that would indicate the material it wished to redact.  It directed plaintiff's attention again to the Court's Individual Practices.  An endorsement of October 25 approved the plaintiff's proposed redactions.  These redaction requests applied to the two declarations and the TRO Memorandum of Law.

The defendant was served in this action on September 28, 2017.  The defendant did not apply to the Court to seal this action, to seal the complaint, or to broaden the redactions permitted by the Court's October 2017 rulings.

On November 1, 2017, the parties jointly requested a stay in favor of arbitration.  The request was granted on November 3.

On December 13, 2017, the Court endorsed the parties' stipulation of dismissal. That stipulation and Order stated that "all documents filed under seal in this case are to remain under seal."

---

[1] The TRO itself was publicly filed when the defendant attached it to a letter consenting to convert the TRO into a preliminary injunction.

On August 7, 2018, almost a year after this case had been unsealed, the defendant filed a motion to seal "the entire case docket and all other documents in this case." The motion cited unspecified sensitive business information to justify its request. The motion did not disclose that the complaint and other documents were never filed publicly, despite the Court's denial in October 2017 of the request to file the complaint under seal, and its approval that same month of only certain limited redactions to the other documents. An Order of August 8 directed the Clerk of Court to unseal and docket certain orders entered in this case. An Order of August 9 denied the defendant's motion to seal the case as untimely and meritless. It further ordered the plaintiff to comply by August 13 with the October 6 and 25 endorsements, including by filing an unredacted version of the complaint on the public docket of the case.

On August 13, plaintiff filed redacted versions of the complaint, two declarations, and the TRO Memorandum of Law. On August 15, the Court ordered plaintiff to comply with the Court's prior Orders and file an unredacted version of the complaint forthwith. Plaintiff filed the unredacted complaint on August 16.

On September 4, 2018, the defendant appealed, purportedly from "an order dated August 9, 2018, which unsealed a closed case which had been previously been sealed on October 3, 2018,

4

and further requested that several documents and pleadings be unsealed and denied defendants motion to permanently seal the case filed on August 7, 2018."[2]  On December 27, the defendant filed a motion in the Court of Appeals seeking leave to stay the appeal and file a motion for an indicative ruling.  The Court of Appeals granted that motion on January 2, 2019.

On January 28, the defendant filed a two-page motion pursuant to Fed. R. Civ. P. 62.1 seeking an indicative ruling that the Court will, on remand, grant the relief the defendant requested in its August 8, 2018 motion.  It reported that the parties had reached an oral conditional settlement agreement through a mediation conducted by the Court of Appeals on November 8, 2018.  The motion attached a proposed order for the court to indicate that it will "seal the aforementioned matter" on remand.  It indicates that the plaintiff does not oppose the requested relief.  The motion does not add any law or facts to justify the requested relief.

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[] a significant positive role in the functioning of the [judicial] process."  <u>Bernstein v. Bernstein Litowitz Berger &</u>

---

[2] The grammatical errors appear in the Notice of Appeal.

5

Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016); see also Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). The Court of Appeals has held that this presumption applies to complaints filed in civil actions, Bernstein, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." Newsday LLC v. County of Nassau, 730 F.3d 156, 164 (2d Cir. 2013) (citation omitted).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. Bernstein, 814 F.3d at 141 (citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Newsday, 730 F.3d at 165 (citation omitted). This is because "what offends the First Amendment is the attempt to exclude the public without sufficient justification, not the simple act of exclusion itself." Id. (citation omitted).

The defendant's motion to seal the entire case triggers First Amendment scrutiny. Among the documents the defendant moves to seal are the docket sheet, the complaint, the TRO, various court orders issued in this case, the TRO Memorandum of

Law, and redacted versions of two declarations.  The docket sheet is the public record of the existence of this litigation.  The remaining documents are also judicial documents to which the First Amendment's presumptive right of access applies.  See Bernstein, 814 F.3d at 142; Newsday, 730 F.3d at 164.

This motion is untimely.  The case has been unsealed since October 3, 2017.  The Orders directing the filing of judicial documents on the public record were entered later that same month.  The first application by the defendant for sealing was received nearly a year later.

In his August 2018 motion, the defendant did not provide a basis to seal the record of the existence of this litigation.  It does not do so now.  The same is true of the request to seal the judicial documents.

The defendant's August 7 motion cites only to vague and unspecified business concerns, arguing that the case concerns "confidential and related business interactions" that "could be used by corporate competitors in a detrimental manner."  These "[b]road, general, and conclusory [allegations] are insufficient" to justify sealing.  Newsday, 730 F.3d at 165; see also Bernstein, 814 F.3d at 141.

In the August 7 motion, the defendant also asserts that "the public is not harmed or disadvantaged" by sealing "an internal business dispute between [private] parties."  The

7

defendant therefore claims that its concerns about confidentiality and competition "outweigh the public's de minimus interest in the controversy." To support this claim, the defendant cites to United States v. Amodeo, 71 F.3d 1044 (2d Cir. 1995). Amodeo, however, considered whether the District Court should have sealed a Court Officer's confidential investigative report -- a document the Court of Appeals described as having "only a marginal relationship to the performance of Article III functions." Id. at 1052.[3] It does not support the defendant's motion to seal "the entire case docket and all other documents in this case." Unlike in Amodeo, the public holds a strong First Amendment interest in the judicial documents that the defendant moves to seal. The presumption of access therefore prevails unless the Court can make specific, rigorous findings that sealing the entire case is "necessary to preserve higher values" and "narrowly tailored" to

---

[3] Because an investigative report does not automatically trigger First Amendment scrutiny, the Court of Appeals in Amodeo applied the common law presumption of access to public records. Amodeo, 71 F.3d at 1048. The common law presumption is substantively different from the protections afforded by the First Amendment. See Newsday, 730 F.3d at 165 ("Because of these differences between the common law right and the First Amendment right, it is necessary to keep the two standards conceptually distinct."); Lugosch, 435 F.3d at 124 ("[T]he common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment . . . ."). Because a strong First Amendment presumption applies in this case, the Court does not separately analyze the weight of the presumption under the common law standard.

protect this interest.  <u>Newsday</u>, 730 F.3d at 165 (citation omitted).  The defendant has not made this showing.

Finally, the defendant's August 7 motion claims that unsealing is warranted because the parties' stipulated to "the sealing of the case and docket as a condition of dismissal."  The parties cannot control by private agreement the public's access to judicial proceedings.  In any event, the December 13, 2017 stipulation of dismissal did not purport to seal the case and its docket.  It stated that "all documents filed under seal in this case are to remain under seal."  Throughout this litigation two affidavits have been sealed by court order.  The Court's endorsement of the stipulation of dismissal allowed those two affidavits to remain under seal.

## **Conclusion**

The defendant's January 28, 2019 motion for an indicative ruling sealing this action is denied.

Dated:    New York, New York
          March 5, 2019

```
                    _____
                         DENISE COTE
                    United States District Judge
```